IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAXTON COOPER, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 15-6721 |
| | : | |
| v. | : | |
| | : | |
| THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : : : : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                February 2, 2016

The *pro se* petitioner, Braxton Cooper, filed both an application to proceed *in forma pauperis* and a habeas petition pursuant to 28 U.S.C. § 2254. Doc. Nos. 1, 1-1. Although the petition is difficult to follow, to the point of being downright confusing at times, it appears that the petitioner is seeking habeas relief based on his belief that he is an independent sovereign over which the government cannot exercise control. Quite illustratively, the petitioner has framed his request for relief in the following way: "remove the body of self from the artificial state corporate institution. My body is not surety for this business transaction . . . ." Doc. No. 1 at 18. Even after subjecting the petition to the liberal construction owed to *pro se* litigants, the court is compelled to dismiss it for failure to state a claim upon which relief may be granted. The court, however, grants the application to proceed *in forma pauperis* as it appears that the petitioner is unable to pay the applicable filing fee. The court offers a brief explanation of this disposition below.

Although a habeas petitioner may be entitled to proceed *in forma pauperis*, the court's corresponding duty to preliminarily screen claims advanced by pauper litigants remains unaltered. *See Cotto v. Tennis*, 369 F. App'x 321 (3d Cir. 2010) (recognizing the possibility of proceeding *in forma pauperis* in the habeas context). Accordingly, and in the words of the *in forma pauperis* statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Russell v. Martinez*, 325 F. App'x 45 (3d Cir. 2009) (dismissing an appeal filed by a habeas litigant on the basis of section 1915(e)(2)(B)(ii)).

Here, the petitioner makes no non-frivolous attempt to show that his conviction violated federal law. Indeed, all of the grounds for relief advanced in the petition revolve around a theory of sovereignty that has no footing in any source of federal law. Unfortunately for the petitioner, this defect dooms the instant petition under the plain text of the controlling statutory provision. *See* 28 U.S.C. § 2254(a) (stating that a court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Section 1915(e)(2)(B)(ii), therefore, mandates its dismissal.

To complete the analysis and despite the laudable principle of affording *pro se* litigants an opportunity to amend away any potentially curable shortcomings, the court is inclined to dismiss this petition, grounded as it is on a legally unrecognizable theory of sovereignty, without leave to amend as any conceivable amendment would be futile. *See Martinez*, 325 F. App'x at 46 (citation omitted) (applying the futility principle to a habeas petition).[1]

---

[1] Although the court follows in the footsteps of the Third Circuit in terms of employing section 1915(e)(2)(B)(ii) to delineate the scope of habeas corpus, the court notes that it also appears possible to speak of this limit in jurisdictional terms. In discussing the scope of habeas jurisdiction in a different context, the D.C. Circuit has stated that "[j]ust as plaintiffs invoking federal question jurisdiction must assert claims that turn on questions of federal

Turning finally to the question of whether the issuance of a certificate of appealability is proper, and regardless of whether the instant petition fails on the merits or, as other courts have suggested, for want of jurisdiction, the petitioner cannot demonstrate that reasonable jurists would debate the propriety of this court's disposition. *See Perry v. Diguglielmo*, 169 F. App'x 134, 136 (3d Cir. 2006) (discussing the various methods to obtain such a certificate). The petitioner is thus not entitled to a certificate of appealability.

The court will issue a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

law, petitioners invoking habeas jurisdiction must assert claims that sound in habeas." *Aamer v. Obama*, 742 F.3d 1023, 1033 (D.C. Cir. 2014). In the absence of clear guidance from the Third Circuit confirming that the scope of habeas relief always presents a jurisdictional question, the court is comfortable proceeding with a failure-to-state-a-claim analysis. In any event, it does not appear that anything in this memorandum opinion turns on the issue of labeling.